# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN DOVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12-CV-1390-RWS |
| | ) |
| ERICA WOFFORD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jonathan Dovin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee, and therefore, plaintiff will be granted leave to proceed in forma pauperis.  Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a resident at the Southeast Missouri Mental Health Center ("SMMHC") seeks monetary relief in this action against SMMHC employees Erica Wofford, Diane Hitson, Melissa Ring, Keith Schafer, and Tony Harris.  Plaintiff alleges that on May 23, 2011, he was "in group" and he "was denied reasonable access to the restroom for [his] bodily functions . . . [and] urinated [him]self in front of [his] peers."

Although plaintiff does not state the basis for filing this action in Federal Court, the complaint will be liberally construed as having been brought under 42 U.S.C. § 1983.[1]

## Discussion

Plaintiff is suing defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court finds that plaintiff's allegations simply do not rise to the level of a constitutional violation and fail to state

---

[1] To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that the amount in controversy is unspecified, and plaintiff has insufficiently alleged diversity of citizenship. *See* 28 U.S.C. § 1332.

a claim under § 1983. Moreover, the theory of respondeat superior is inapplicable in § 1983 suits. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of August, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**